IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD

      Petitioner,                    No. 09-cv-2503 LKK KJN P

   vs.

D.K. SISTO

      Respondents.                ORDER

_____/

      Petitioner is a state prisoner proceeding without counsel with an application for writ of habeas corpus under 28 U.S.C. § 2254. He has filed a motion for a temporary restraining order and preliminary injunction (Dkt. No. 17), alleging that prison officials at California State Prison-Solano (CSP-Solano) have denied him access to the prison law library. He seeks an order "to ensure that petitioner receives access to CSP-Solano facility and law library to answer respondent's motion to dismiss." Memorandum at 1 (Dkt. No. 18).

      A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller

1

hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this court to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. See id. at 351. A prisoner claiming that his right of access to the courts has

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010)(providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'")(citations omitted).

been violated due to inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner must be specific in showing these two elements. He cannot simply allege some sort of denial of access to the prison library or make conclusory declarations of injury. He must demonstrate that a non-frivolous legal claim has been frustrated or impeded and that he has suffered (or will imminently suffer) "actual injury" from the denial or delay of services. The Supreme Court has described the actual injury requirement:

> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

<u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996).

Here, petitioner has not shown that the alleged restrictions to his access to the prison law library have been unreasonable. The motion to dismiss, to which petitioner has a right to respond, was filed on March 2, 2010. (Dkt. No. 16). Petitioner drafted his motion on March 9. <u>See</u> Mot. at 2. By the time he submitted this motion for immediate injunctive relief, then, petitioner's access had been restricted for one week at most. Such a relatively short period of time cannot, absent extraordinary circumstances, stand as evidence that petitioner's access is being unreasonably restricted. "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." <u>Linquist v. Idaho State Bd. of Corrections</u>, 776 F.2d 851, 858 (9th Cir.1985).

Petitioner has also not shown any actual injury from his lack of access to the library. In fact, petitioner filed this motion before the initial time period for filing a response had even expired. <u>See</u> Screening Order at 2 (Dkt. No. 9)(allowing fifteen days in which to file a

response to a motion to dismiss).  That initial period is not petitioner's only window of opportunity to respond to the motion to dismiss.  This court's practice is to grant additional time for a prisoner to respond to a motion in his case, if the prisoner shows good cause.  In doing so, the court balances the usual restrictions of access to facilities and materials that attend prison life with the court's duty to administer its cases efficiently.  The proper remedy at this stage, then, is an ordinary extension of time for petitioner to draft a response to the motion to dismiss, not the extraordinary measure of a temporary restraining order.  The court will order an extension of time *sua sponte*.

Accordingly, IT IS HEREBY ORDERED that;

1. The motion for a temporary restraining order or preliminary injunction (Dkt. No. 17) is denied; and

2. Petitioner is granted thirty days from the entry of this order in which to file a response to the motion to dismiss.

DATED:  March 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha2503.tro

4