IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

      Petitioner,                No. 2:09-cv-2503 LKK KJN P

     vs.

WARDEN D.K. SISTO, et al.,

      Respondents.         ORDER

_____/

I. Introduction

      Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Respondents argue that petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner has opposed the motion, and respondents have filed a reply. For the reasons set forth below, the court will grant respondents' motion, but will grant petitioner leave to file a second amended petition.

II. Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondents' motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III.  Analysis

In the amended petition for writ of habeas corpus, filed December 31, 2009, petitioner alleges prison officials refused to process grievances petitioner authored concerning the failure of appeal coordinator S. Cervantes to process petitioner's disciplinaries concerning the loss of good time credits. (Id. at 4-5.) Respondents contend that this action should be dismissed based on petitioner's failure to challenge the fact or *duration* of petitioner's confinement. (Mot. at 2.) Respondents assert that petitioner's allegations dispute only *conditions* of confinement and fail to state a cognizable ground for habeas relief. (Id.) In opposition, petitioner claims the length of his confinement was adversely affected by the rules violation reports issued in CDC Forms 115 ##53-07-0759 and 53-07-12-085. (Id.) Respondents reply by noting that petitioner has not challenged the rules violation reports in this action, and that petitioner's claims challenge the refusal to process his administrative appeals regarding the prison disciplinaries and

1 restrictions placed on his mail, both of which are disputes concerning solely the conditions of
2 confinement. Respondents contend petitioner has failed to demonstrate that success on his
3 claims would necessarily shorten his sentence. (Reply at 2.)
4       Respondents' arguments are well-taken. As presently stated, petitioner's claims
5 address conditions of confinement issues only. "Habeas jurisdiction is absent . . . where a
6 successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."
7 Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Petitioner was previously informed that
8 such claims must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. (December 23,
9 2009 Order at 2.) If petitioner seeks to challenge the loss of good time credits, he must directly
10 attack the prison disciplinaries in which the loss of good time credits was assessed. Petitioner
11 has not raised those allegations in the amended petition. However, it appears in his opposition to
12 the motion that he wishes to challenge those decisions. Accordingly, the court will grant
13 respondents' motion, but will grant petitioner leave to file a second amended petition. Petitioner
14 is cautioned that he is only permitted to challenge the loss of good time credits. He is not
15 authorized to raise claims concerning the processing of administrative appeals or the alleged
16 restrictions on mail. Those claims must be raised, if at all, in a civil rights complaint. (See
17 December 23, 2009 Order at 2.)
18       Accordingly, respondents' motion to dismiss the amended petition for failure to
19 state a cognizable claim for federal habeas relief will be granted, but petitioner will be granted
20 leave to file a second amended petition. If petitioner chooses to file a second amended petition,
21 he must challenge the prison disciplinaries that resulted in the loss of good time credits.
22 IV. Conclusion
23       For all of the above reasons, IT IS HEREBY ORDERED that:
24       1. Respondents' March 2, 2010 motion to dismiss (dkt. no. 16) is granted;
25       2. The amended petition for writ of habeas corpus is dismissed; and
26       3. Within thirty days from the date of this order, petitioner shall complete the

attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Second Amended Petition.

Plaintiff's second amended petition must bear the docket number assigned this case and must be labeled "Second Amended Petition"; failure to file a second amended petition in accordance with this order may result in the dismissal of this action.

DATED: September 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha2503.mtd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

      Petitioner,                No. 2:09-cv-2503 LKK KJN P

     vs.

WARDEN D.K. SISTO, et al.,

      Respondents.           <u>NOTICE OF AMENDMENT</u>

_____/

      Petitioner hereby submits the following document in compliance with the court's order filed _____:

      _____     Second Amended Petition

DATED:

                                                    _____
                                                    Petitioner