IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

      Petitioner,                     No. 2:09-cv-2503 LKK KJN P

    vs.

WARDEN D.K. SISTO, et al.,

      Respondents.

_____/      FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding without counsel and in forma pauperis, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents' December 20, 2010 motion to dismiss for failure to state a federal claim and for failure to exhaust state court remedies is now before the court. Petitioner filed an opposition on February 24, 2011, and respondent filed a reply on March 9, 2011. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted and this action be dismissed based on petitioner's failure to exhaust state court remedies.

I. <u>Motion to Dismiss for Failure to Exhaust</u>

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] Thus, a waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

In the second amended petition, petitioner raises the following claims: (1) during two prison disciplinary hearings, held December 17, 2007, and December 21, 2007, petitioner was denied due process because of various alleged procedural problems, for example, petitioner

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

alleges he was not allowed to call witnesses or present documentary evidence, one hearing was allegedly untimely held, the decision-makers allegedly were unprofessional and not impartial, and one rules violation report was not signed by the reporting employee. (2) Petitioner also contends the evidence did not support the findings in either hearing.

In his opposition concerning exhaustion, petitioner argues that his June 15, 2009 petition in the California Supreme Court exhausted the instant federal claims.

In the June 15, 2009 petition filed in the California Supreme Court, petitioner raised the following claims: (1) violation of the First Amendment and state and federal Constitutions based on a refusal to process two citizens complaints; (2) violation of petitioner's First Amendment rights based on prison officials' interference with petitioner's outgoing legal mail; (3) violation of petitioner's Eighth Amendment right based on the appeal coordinator's alleged refusal to process petitioner's Citizen's complaints because it "created the condition for petitioner to be subjected to oppression and torture," and petitioner's "human rights [were] violated due to petitioner's transfer from a Level II facility to a Level III facility due to an increase in points.[2] (Dkt. No. 30-2 at 4-7.)

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner did not raise his due process challenges to the prison disciplinary hearings in the June 15, 2009 petition filed in the California Supreme Court. The June 15, 2009 petition did not in any way challenge the findings of the prison disciplinary hearings or the manner in which the hearings were held. Therefore, petitioner's due process claims were not fairly presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Because none of the claims raised in the second amended petition are exhausted, respondents' motion to dismiss should be granted,

---

[2] The California Court of Appeal, First Appellate District, construed the petition as alleging two claims: (1) that the California Department of Corrections failed to process two of petitioner's citizen complaints; and (2) that petitioner's legal mail was illegally opened. (Dkt. No. 30-2 at 22.)

3

and the second amended petition should be dismissed without prejudice.[3]

II. <u>Motion to Dismiss for Failure to State a Federal Claim</u>

In light of the above recommendations, the court need not reach respondents' contention that petitioner has failed to state a federal claim.

IT IS HEREBY RECOMMENDED that:

1. Respondents' December 20, 2010 motion to dismiss (dkt. no. 30) be granted; and

2. Petitioner's second amended petition for writ of habeas corpus be dismissed, without prejudice, for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

muha2503.mtd

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).